1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES M. LANIER, | ) | 1: 11-cv-01522 - LJO - BAM |
| Plaintiff, | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **REGARDING PLAINTIFF'S** |
| v. | ) | **COMPLAINT** |
| | ) | |
| FRESNO UNIFIED SCHOOL DISTRICT; | ) | |
| DOES 1 through 18, | ) | |
| | ) | |
| Defendants. | ) | |

## I.   INTRODUCTION

On September 9, 2011, plaintiff James M. Lanier ("Plaintiff") filed a complaint in this Court against the Fresno Unified School District ("FUSD" or "Defendant").  Plaintiff alleges he was discriminated against on the basis of race when Defendant refused to award him a sports officiating contract in violation of Title VI of the 1964 Civil Rights Act, specifically, 42 U.S.C. § 2000d. (Doc. 1.)  Plaintiff additionally alleges Defendant's discriminatory practices violate California Education Code § 220 *et seq.*  (Doc. 1.)[1]

---

[1] At the outset of Plaintiff's Complaint, Plaintiff states that "[t]his suit is instituted to secure protection and redress deprivation of rights secured by 42 U.S.C. §§ 1981, 1983, 1985 and 1986." (Pl.'s Compl., ¶ 1, Doc. 1.) Plaintiff, however, does not state these grounds for relief as one of her causes of action.  Rather, these statutes are

## II.   DISCUSSION

### A.     Screening Standard

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court has reviewed the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  *Id*. at 1949.

A pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

---

merely mentioned, but are not referenced again throughout the remainder of Plaintiff's Complaint. Similarly, without pleading the following claims for relief, Plaintiff makes a passing reference to potential violations of Cal. Bus. & Prof. Code §17200, intentional interference with prospective economic advantage and for negligence.  However, because pro se complaints are to be construed liberally, the court will address the viability of these claims as though they were properly pled.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Lopez*, at 1128.

## B.    Jurisdiction

In the complaint, Plaintiff contends jurisdiction arises under Title 28 of the United States Code sections 1331 and 1343, and also under section 1346 "because the United States of America is a party." (Pl.'s Compl., ¶¶ 2-3, Doc. 1.)

Jurisdiction is proper pursuant to sections 1331 and 1343 of Title 28 of the United States Code because Plaintiff has asserted claims arising under the Constitution and laws of the United States. However, the United States is not a party to this action. Therefore, jurisdiction does not arise under section 1346.

## C.    Plaintiff's Federal Claim Under Title VI

Under Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d provides that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

Accordingly, "[t]he two elements for establishing a cause of action pursuant to Title VI are (1) that the entity involved is engaging in racial or national origin discrimination and (2) the entity involved is receiving federal financial assistance." *Jackson v. Conway*, 746 F.Supp. 896, 903 (E.D. Missouri 1979). Notably, Congress has abrogated States' sovereign immunity for "violations [of Title VI] that occur in whole or in part after October 12, 1986." 42 U.S.C. § 2000d7(b) (Supp. 1987).

Plaintiff alleges Defendant is a recipient of federal funds. (Pl.'s Compl., ¶¶ 13, 14, Doc. 1.) ("[Defendant] is a recipient of federal funds for its athletic programs for which it uses sports officiating service contracts . . . [Defendant] received the aforesaid federal funds from the United

3

States Secretary of Education, or through some other federal funding department . . . .") Plaintiff

additionally alleges Defendant engaged in racial discrimination in refusing to grant Plaintiff the

subject sports officiating contract. (Pl.'s Compl., ¶¶ 16-17, Doc. 1) ("Defendant FUSD failed to

provide Plaintiff an equal opportunity to obtain 'all sports' officiating services contract work

from Defendant FUSD because of his race, Afro-American, and because of his color, black.")

Plaintiff makes multiple allegations which, taken as true, arguably support a claim for racial

discrimination.  (Pl.'s Compl., ¶¶ 9, 17, 19-27, Doc. 1.)

      Construing Plaintiff's pro se complaint liberally, Plaintiff has sufficiently stated a claim

against Defendant for a violation of Title VI of the 1964 Civil Rights Act. *See Lanier v. Clovis*

*Unified School Dist.,* No. 11-cv-01613 LJO GSA (E.D. Cal., Nov. 2, 2011) (In a virtually

identical complaint asserted by Plaintiff against the Clovis Unified School District, Judge Austin

found these same allegations to sufficiently state a claim.)

**D.**    **Plaintiff's Title 42 and State Law Claims Are Barred By The Eleventh**
        **Amendment**

      The Eleventh Amendment of the United States Constitution provides that "[t]he Judicial

power of the United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another State or by

Citizens or Subjects of any Foreign State."  The Eleventh Amendment prohibits federal courts

from hearing suits brought against a state by its own citizens or citizens of other states. *Brooks v.*

*Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). Under the Eleventh

Amendment, agencies of the state are immune from private damages actions or suits for

injunctive relief brought in federal court. *Pennhurst State School & Hosp. v. Halderman,* 465

U.S. 89, 100 (1984).

      California courts, both state and federal, have consistently held that California public

school districts and their subdivisions are state agencies for Eleventh Amendment purposes. *See*

*e.g., Jackson v. Hayakawa,* 682 F.2d 1344, 1350 (9th Cir. 1982) (California state colleges and

universities are "dependent instrumentalities of the state"); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (noting that, because of the funding relationship that exists between California schools and the State of California, public school districts and their subdivisions are state agencies for Eleventh Amendment purposes); *Slivkoff v. California State Univ. And Colleges,* 69 Cal. App. 3d 394, 400 (1977).

### 1.    Plaintiff's Title 42 Claims

Plaintiff's Complaint makes a passing reference to potential violations of 42 U.S.C. §§ 1981, 1983, 1985 and 1986.[2]  The United States Supreme Court has held that Title 42 of the United States Code section 1983 "was not intended to abrogate a State's Eleventh Amendment immunity." *Kentucky v. Graham*, 473 U.S. at 169, n.17.  Although it could in theory abrogate its own Eleventh Amendment immunity for purposes of such suits, California has not done so.  *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding California Constitution does not waive immunity from federal court jurisdiction); *Dittman v. State of California*, 191 F.3d 1020, 1025-1026 (9th Cir. 1999).  Under Ninth Circuit and California law, a school district is "a state entity that possesses eleventh amendment immunity from . . . section 1981, 1983 and 1985 claims in damages and for injunctive relief." *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988); *see also Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 975 (9th Cir. 1994) (Eleventh Amendment immunity bars claimed against state agency pursuant to §§ 1985 & 1986).

FUSD is a public school district in California, thus, it is an arm of the state, and is shielded from suit in federal court under the Eleventh Amendment, as are its board members.[3] Therefore, this Court recommends that Plaintiff's claims pursuant to sections 1981, 1983, 1985 and 1986 of Title 42 of the United State Code be dismissed as barred by the Eleventh

---

[2]  Plaintiff's Complaint, however, fails to plead these claims or allege facts which would support such claims.

[3] Although CUSD's board members are not individually named, the Complaint does reference "CUSD board members" and other persons not named as defendants.

1  Amendment.

2  **2.     Plaintiff's State Law Claims**

3      Plaintiff alleges Defendant's discriminatory practices violate California Education Code §

4  220 *et seq.*  Plaintiff additionally makes a passing reference to potential claims for negligence,

5  intentional interference with prospective economic advantage and for violations of Cal. Bus. &

6  Prof. Code §17200.[4]

7      Discussed above, *supra,* Section II.D., FUSD is an arm of the state and is therefore

8  shielded from suit in federal court pursuant to the Eleventh Amendment.  Therefore, it is

9  recommended Plaintiff's state law claims be dismissed without leave to amend as amendment

10  would be futile

11                        **RECOMMENDATIONS**

12      For the reasons set forth above, the Court RECOMMENDS that the following causes of

13  action be DISMISSED WITHOUT LEAVE TO AMEND against Defendant FUSD:

14      1.      Plaintiff's allegations against Defendant FUSD pertaining to sections 1981, 1983,

15  1985 and 1986 of Title 42 of the United States Code; and

16      2.      Plaintiff's state law claims against Defendant FUSD arising under the California

17  Education Code, Cal. Bus. & Prof. Code §17200, as well as Plaintiff's claims for negligence and

18  intentional interference with prospective economic advantage.

19      The Court FURTHER RECOMMENDS that Plaintiff's remaining claim against FUSD

20  arising under section 2000d of Title 28 of the United States Code may proceed as this claim is

21  sufficiently pled for purposes of pro se screening.    These findings and recommendations are

22  submitted to  District Judge Lawrence J. O'Neill pursuant to the provisions of Title 28 of the

23  United States Code section 636(b)(l).  Plaintiff may file written objections with the Court no later

24  than thirty (30) days from the date of these findings.  The document should be captioned

25

26      ───────────────────

27      [4]  Plaintiff's Complaint, however, fails to plead these claims or allege facts which would support such
      claims.

28                                6

1   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

2   failure to file objections within the specified time may waive the right to appeal the District

3   Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In the event Plaintiff does not

4   object, his case will proceed only as to the federal claim identified above.

5        IT IS SO ORDERED.

6   **Dated:**    **January 3, 2012**           **/s/ Barbara A. McAuliffe**

7                                     UNITED STATES MAGISTRATE JUDGE