IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. LANIER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FRESNO UNIFIED SCHOOL DISTRICT,<br><br>　　　　Defendant. | 1:11 – CV – 1522 AWI BAM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE AND DENYING MOTION TO AMEND<br><br>Doc. #'s 27 & 30 |

　　　This action was related to Case Number 09-cv-1779 AWI BAM by order of the court on October 19, 2012. Doc. # 33. On June 4, 2012, the Magistrate issued an "Order Clarifying Claims Presented in Plaintiff's Complaint" in which it was noted by the Magistrate Judge that screening of the claims pursuant to Plaintiff's status of *in forma pauperis* resulted in the dismissal of all claims except Plaintiff's claim pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. In case number 09-cv-1779, the court dismissed all claims alleged in Plaintiff's complaint except the claim alleged pursuant to 42 U.S.C. § 2000d, and denied leave to further amend the complaint in an order filed on September 13, 2011. In that order, the court noted that, despite Plaintiff's unsuccessful attempts to allege other claims for relief, the Title VI claim "captures the essence of what Plaintiff has been trying to allege all along." Doc. # 44 at 12:25-26.

On September 15, 2013, Defendant Fresno Unified filed a motion for summary judgment on Plaintiff's final remaining claim in Case # 09-cv-1779. Defendant's motion for summary judgment was granted by the court on January 30, 2014. Doc. # 156. In that order, the court noted that summary judgment was granted because Plaintiff failed to allege any facts supporting the allegation that Defendant's refusal to grant a contract to Plaintiff was due to prohibited racial discrimination. See id. at 9:14-18. Further, the court noted that Defendant had submitted admissible evidence that Defendant had a non-discriminatory reason for not awarding the all sports officiating contract to Plaintiff and that Plaintiff had failed to carry his burden to show that the reasons offered by Plaintiff were pretextual. Id. at 9:24-28. In short, the court, in Case 09-cv-1779 concluded that Plaintiff had been afforded every reasonable opportunity to allege facts showing that a discriminatory motive existed for Defendant's decision in awarding the sports officiating contracts, but failed to allege any such facts beyond the bare and insufficient allegation that the successful sports officiating organization was run by a Caucasian and Plaintiff's sports officiating organization was run by an African-American.

On September 10, 2012, Defendant filed a motion to dismiss Plaintiff's sole remaining claim pursuant to Title VI in the instant case. Pertinent to this Discussion, Defendant grounded the instant motion to dismiss on the fact that claims accruing prior to 2008 are time barred and that Plaintiff failed to allege any facts supporting a conclusion that any decision by Defendant from 2008 thru 2009 was influenced by racial bias. The court has previously noted that Plaintiff is barred by the applicable statute of limitations from alleging any claims for bias in contracting that accrued prior to 2008. See Case Number 09-cv-1779, Doc. # 44 at 2:9-11. Notwithstanding any limitations periods, however, the court notes that the factual allegations in the instant case are essentially identical to those alleged in Case Number 09-cv-1779 and offer no substantial basis to support a finding of racial bias beyond what has previously been found to be insufficient to state a claim or to withstand a motion for summary judgment. Defendants are therefore entitled to dismissal of the sole remaining claim in this case. Because Plaintiff has had multiple opportunities to allege facts that would show discriminatory intent on the part of Defendant and has failed to do so, the dismissal will be without leave to further amend.

THEREFORE, it is hereby ORDERED that Defendant's motion to dismiss is GRANTED.  Plaintiff's complaint is hereby DISMISSED in its entirety with prejudice.  Plaintiff's motion to amend, Doc. # 30, is correspondingly DENIED.  The Clerk of the Court shall enter judgment in favor of Defendant and CLOSE the CASE.

IT IS SO ORDERED.

Dated:   March 31, 2014                     _____
                                             SENIOR DISTRICT JUDGE